# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**ROBIN THORN,**

    **Plaintiff,**

**v.**                                                 **Case No. 3:19-cv-3509**

**WEBER SPORTS LLC,**

    **Defendant.**

_____/

## MOTION TO DISMISS

Defendant, Weber Sports LLC, by and through its undersigned counsel, files this Motion to Dismiss the Complaint filed by Plaintiff, Robin Thorn. In support, Defendant states as follows:

**I. PLAINTIFF'S COUNSEL IS NOT ADMITTED TO PRACTICE BEFORE THIS COURT**

Plaintiff's counsel, Richard Liebowitz, is not admitted to practice before the United States District Court for the Northern District of Florida. Rule 11 of the Federal Rules of Civil Procedure requires that all pleadings "must be signed by at least one attorney of record," and Local Rule 11.1 sets forth the requirements for admission to this District. Plaintiff's failure to have an attorney of record admitted to this District warrants dismissal of this action.

## II.     PLAINTIFF FAILS TO STATE A CLAIM FOR CERTAIN RELIEF

### A.     Standard of Law

A Court should dismiss a complaint where, as here, after drawing all reasonable inferences in the Plaintiff's favor, and accepting all factual allegations as true, the complaint nonetheless "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1276 n.8 (11th Cir. 1999).  To survive a motion to dismiss, a complaint must include "enough facts to state a claim for relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 55 U.S. 544, 570 (2007).  The complaint must contain factual allegations that delineate the plausibility of the asserted causes of action.  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Plausibility is established when a plaintiff pleads factual allegations that permit the court to draw reasonable inferences that the defendant is liable for the alleged misconduct.  *Id*.  Thus, "[b]are assertions" which "amount to nothing more than a 'formulaic recitation of the elements'" of a claim, must be rejected as "conclusory and not entitled to be assumed true."  *Id*.

### B.     Plaintiff Fails to State a Claim to Punitive Damages

In the Complaint's Prayer for Relief, Plaintiff requests "[t]hat Plaintiff be awarded punitive damages for copyright infringement."  Compl. at 4.  Contrary to Plaintiff's assertion, multiple federal district courts within the Eleventh Circuit have held that "the prevailing case law is clear that punitive damages are

2

not available in a statutory copyright infringement action." *Calio v. Sofa Express, Inc.*, 368 F. Supp. 2d 1290, 1291 (M.D. Fla. 2005); *see also White v. Alcon Film Fund, LLC*, 1:13-CV-1163-TCB, 2013 WL 12067479, at *7 (N.D. Ga. Aug. 13, 2013) (same); *Dombrowsky v. Hill*, 1:11-CV-3048-MHS, 2013 WL 12100113, at *11 (N.D. Ga. July 23, 2013). Therefore, the Court should dismiss Plaintiff's claim for "punitive damages for copyright infringement."

C. **Plaintiff Fails to State a Claim to Attorney's Fees**

Finally, Plaintiff also seeks attorney's fees in the Complaint's Prayer for Relief. Compl. at 4. The express language of the Copyright Act bars an award of attorney's fees in this case, however. Under 17 U.S.C. § 412:

> [N]o award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for--
>
> (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or
>
> (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

17 U.S.C.A. § 412. In other words, for Plaintiff to seek attorney's fees, Plaintiff must have either registered the copyright prior to Defendant's alleged infringement or within three months of Plaintiff's first publication of the copyright.

Plaintiff's Complaint alleges that the Photograph (as defined in paragraph 7 of the Complaint) was registered with the United States Copyright Office and

given registration number VA 2-160-868.  Although Plaintiff omits the actual copyright registration from the Complaint, Defendant attaches online copyright registration records for copyright registration number VA 2-160-868 from the Copyright Office's website as Exhibit "A" to this Motion.[1]

According to Plaintiff's copyright registration, the registration date is July 7, 2019.  Exh. A.  The date of publication, however, is no later than September 1, 2009.  *Id.*  Thus, Plaintiff's registration was made almost ten years after the first publication of the Photograph.  Accepting the allegations in Plaintiff's Complaint as true, under 17 U.S.C. § 412, Plaintiff cannot seek an award of attorney's fees for infringement of the alleged copyright.  Defendant respectfully requests that the Court also grant its motion to dismiss Plaintiff's claim to seek attorney's fees.

## III.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant its motion to dismiss.

---

[1] The Court can appropriately consider the copyright registration records at issue, which Plaintiff incorporated by reference.  *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."). Pursuant to this rule, "[s]everal courts have held that copyright registrations can be judicially noticed under Rule 201."  *Rivers v. Skate Warehouse, LLC*, CV1209946MMMCWX, 2013 WL 12128800, at *5 (C.D. Cal. Apr. 15, 2013).

## **CERTIFICATE OF SERVICE**

I CERTIFY that on October 11, 2019, a copy hereof has been filed via CM/ECF for electronic distribution to all parties of record.

                                           */s/ John R. Zoesch III*
                                           JOHN R. ZOESCH III
                                           jrz@beggslane.com
                                           Florida Bar No. 0045257
                                           BEGGS & LANE, RLLP
                                           501 Commendencia Street
                                           Pensacola, FL  32502
                                           (850) 432-2451
                                           Attorney for Defendant
                                           Weber Sports LLC

# Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Copyright Number = va0002160868
Search Results: Displaying 1 of 1 entries



*Robin Thorn.*

| | |
|---:|:---|
| **Type of Work:** | Visual Material |
| **Registration Number / Date:** | VA0002160868 / 2019-07-10 |
| **Application Title:** | Robin Thorn |
| **Title:** | Robin Thorn. [Group registration of published photographs. 5 photographs. 2009-02-09 to 2009-09-01] |
| **Description:** | 5 photographs : Electronic file (eService) |
| **Copyright Claimant:** | Robin Thorn. Address: 91-93 St John Street, Bridgwater, TA6 5HX, United Kingdom. |
| **Date of Creation:** | 2009 |
| **Publication Date Range:** | 2009-02-09 to 2009-09-01 |
| **Nation of First Publication:** | United Kingdom |
| **Authorship on Application:** | Robin Thorn; Domicile: United Kingdom. Authorship: photographs. |
| **Copyright Note:** | Regarding title information: Deposit contains complete list of titles that correspond to the individual photographs included in this group. |
| | Regarding group registration: A group of published photographs may be registered on one application with one filing fee only under limited circumstances. ALL of the following are required: 1. All photographs (a) were created by the same author AND (b) are owned by the same copyright claimant AND (c) were published in the same calendar year AND 2. The group contains 750 photographs or less AND 3. A sequentially numbered list of photographs containing the title, file name and month of publication for each photograph included in the group must be uploaded along with other required application materials. The list must be submitted in an approved document format such as .XLS or .PDF. The file name for the numbered list must contain the title of the group and the Case Number assigned to the application. |
| **Photographs:** | Published in February 2009 (3 photographs): 2.9.09-Parts3-Thorn.jpg, 2.18.09-Parts1-Thorn.jpg, 2.18.09-Parts2-Thorn.jpg, |
| | Published in June 2009 (1 photographs): 6.1.09-Parts4-Thorn.jpg, |
| | Published in September 2009 (1 photographs): 9.1.09-Parts5-Thorn.jpg, |
| **Names:** | Thorn, Robin |



| **Save, Print and Email (Help Page)** | |
|:---|:---|
| Select Download Format | Full Record ▼ Format for Print/Save |
| Enter your email address: | Email |

Help   Search   History   Titles   Start Over

Contact Us | Request Copies | Get a Search Estimate | Frequently Asked Questions (FAQs) about Copyright | Copyright Office Home Page | Library of Congress Home Page

**Exhibit A**